HARTZ, Circuit Judge,
concurring:
I join Judge Holmes’s opinion. I write separately only to suggest that the court should abandon the use of the intrinsic/extrinsie dichotomy in analyzing whether evidence of uncharged misconduct is admissible. The notion of intrinsic evidence is helpful only in determining whether the government must give the defendant notice under Fed.R.Evid. 404(b) that it intends to offer the evidence.
Rule 404(b), as restyled (effective in December), states:
(b) Crimes, Wrongs, or Other Acts.
(1) Prohibited Uses. Evidence of a crime, wrong, or other act is not admissible to prove a person’s character in order to show that on a particular occasion the person acted in accordance with the character.
(2) Permitted Uses; Notice in a Criminal Case. This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. On request by a defendant in a criminal case, the prosecutor must:
(A) provide reasonable notice of the general nature of any such evidence that the prosecutor intends to offer at trial; and
(B) do so before trial — or during trial if the court, for good cause, excuses lack of pretrial notice.
*1215 The concept of the rule is simple. Uncharged misconduct (that is, “evidence of a crime, wrong, or other act”) is inadmissible to the extent that it supports an inference that the defendant has a bad character and that he acted in conformity with that character in committing the charged offense. At the same time, however, the uncharged misconduct may be admissible insofar as it is probative of a matter relevant to the issues at trial (such as “motive, opportunity,” etc.) If it is probative on such a matter, the admissibility of the evidence depends on whether it passes muster under Fed.R.Evid. 403. In particular, it is inadmissible if “its probative value is substantially outweighed by a danger of ... unfair prejudice,” Fed.R.Evid. 403 (2011), such as the danger that the evidence will be used for the bad-character purpose barred by Rule 404(b).
The intrinsic/extrinsic dichotomy does not assist in the analysis of admissibility. Its supposed advantage is that once the uncharged misconduct is determined to be intrinsic to the charged offense, then evidence of the misconduct is not subject to Rule 404(b) and there is no need to analyze whether evidence of the misconduct is admissible for a proper purpose — such as notice. But the advantage is illusory. Even evidence of “intrinsic” misconduct will be inadmissible under Rule 403 if it has no proper probative value. (I note that the evidence challenged on this appeal would undoubtedly be admissible even if it were considered evidence of “extrinsic misconduct.” See Op. at 1212 n. 26.)
Moreover, the problem is not just that the intrinsic/extrinsic dichotomy serves no useful function and consumes unnecessary attorney and judicial time and effort. At least equally important, the distinction between intrinsic and extrinsic evidence is unclear and confusing, and can lead to substituting conclusions for analysis. Others have written at length on this point, particularly the problems associated with saying that misconduct is intrinsic to the charged crime if it is “inextricably intertwined with the crime”; so I will not re-walk that ground. See United States v. Gorman, 613 F.3d 711, 719 (7th Cir.2010) (abandoning inextricable-intertwinement test because is has “become overused, vague, and quite unhelpful”); United States v. Green, 617 F.3d 233, 248 (3d Cir.2010) (“the inextricably intertwined test is vague, overbroad, and prone to abuse”); United States v. Bowie, 232 F.3d 923, 927 (D.C.Cir.2000) (“[I]t is hard to see what function the [intrinsic/extrinsic] interpretation of Rule 404(b) performs.”); see generally Saltzburg, Martin and Capra, Federal Rules of Evidence Manual, Paragraph 404.02[12] (10th ed.2012) (discussing issue at length and concluding, “The ‘inextricably intertwined’ exception substitutes a careful analysis with boilerplate jargon.”).
There is only one useful purpose for the intrinsic/extrinsic dichotomy in the Rule 404(b) context. If the defendant in a criminal case so requests, the Rule requires the government to notify the defendant before offering evidence of uncharged misconduct. See Rule 404(b)(2) (“On request by a defendant in a criminal case, the prosecutor must: (A) provide reasonable notice of the general nature of any such evidence that the prosecutor intends to offer at trial; and (B) do so before trial — or during trial if the court, for good cause, excuses lack of pretrial notice.”). Failure to give notice may result in exclusion of the misconduct evidence. It seems to me that when the trial court is asked to exclude evidence on this ground, it can properly consider whether notice was not necessary because the misconduct evidence was so closely tied to the evidence of the charged offense (that is, was “intrinsic” to the charged offense) that the defendant would expect it *1216 to be offered with the evidence of the charged offense. Of course, this (or any) definition of intrinsic still suffers from substantial ambiguity. But the clear purpose served by the term in this context — as shorthand that fairness did not require special notice that the evidence would be offered — will prevent the term from obscuring analysis. I think it not coincidental that the advisory committee’s notes to Rule 404 use the terms intrinsic and extrinsic only in the note to the 1991 amendment to the Rule, which added the notice requirement.